UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SARAH TRUJILLO,**

      **Plaintiff,**

**v.**                                         **Case No: 6:24-cv-206-WWB-EJK**

**DELHI STYLE FOOD INC,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Final Default Judgment Against Defendant Delhi Style Food, Inc. ("Motion") (Doc. 14). Upon consideration, the Motion is due to be denied.

## I.   BACKGROUND[1]

This is an action for one count of unpaid overtime wage compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA"). (Doc. 1.) Plaintiff Sarah Trujillo sued Defendant Delhi Style Food, Inc., asserting that Plaintiff was a non-exempt employee working as a manager at Defendant's convenience store and that Defendant failed to pay Plaintiff overtime wages. (*Id.* at 1–3.)

Plaintiff served Defendant on April 16, 2024. (Doc. 10.) No answer was filed by Defendant. Thus, after the undersigned granted Plaintiff's motion for a clerk's

---

[1] On default, a defendant admits the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

default, the Clerk entered default against Defendant on August 16, 2024. (Docs. 12, 13.) Plaintiff subsequently filed the present Motion, supplemented by Plaintiff's itemized Bill of Costs. (Docs. 14; 14-2.)

## II. STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court's entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Rather, a defaulted defendant is deemed only to admit the plaintiff's well-pleaded allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

### III. DISCUSSION

#### A. Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendant. "'Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)). The party moving for default judgment must demonstrate that a court has jurisdiction over the party against whom the default judgment is sought. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court . . . must assure itself of jurisdiction over the action and the parties.").

The undersigned finds that there is personal jurisdiction over Defendant because Defendant is a Florida corporation that operates and conducts business in Brevard County, Florida. (Doc. 1 ¶ 4.) In addition, in the Order granting Plaintiff's Motion for Clerk Default, the undersigned concluded that service on Defendant was effective under Federal Rule of Civil Procedure 4(h)(1)(B). (Doc. 12.)

### B. Subject Matter Jurisdiction

Plaintiff alleges that there is federal question jurisdiction over Plaintiff's unpaid overtime wage claim brought pursuant to the FLSA. (Doc. 1 ¶ 1.) Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Here, federal question jurisdiction is apparent on the face of the Complaint.

### C. Venue

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Venue is appropriate in the Middle District of Florida, Orlando Division, because a substantial portion of the events giving rise to the claim at issue occurred in Brevard County, Florida. (Doc. 1 ¶ 4); Local Rule 1.04(a) (stating that the Orlando Division encompasses Brevard County).

### D. Entitlement to Default Judgment and Damages

#### 1. FLSA Claim

Plaintiff asserts one count of unpaid overtime wage compensation. (Doc. 1 ¶¶ 33–39.) The FLSA prohibits an employee from working more than 40 hours a week unless she is compensated at "a rate not less than one and one-half times the regular rate at which [s]he is employed." 29 U.S.C. § 207(a)(2). Any employer who violates the FLSA's overtime wage provisions is "liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." *Id.* § 216(b).

The FLSA establishes overtime wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(b). "To trigger liability under the FLSA's overtime . . . wage provision[s], a plaintiff must show: (1) an employee-employer relationship exists between the parties, and (2) [s]he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019). "To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) [s]he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay h[er] minimum or overtime

wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between Plaintiff and Defendant. (Doc. 1 at 2–3.) Moreover, Plaintiff alleges employment by Defendant as a non-exempt hourly employee working as a manager from March 2021 to August 2022. (Doc. 1 ¶ 15.)

Plaintiff, however, does not allege adequate facts to establish FLSA coverage. To meet the requirements of this element, "a plaintiff employee must establish one of two types of coverage under the [FLSA]: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Brothers, Inc.*, No. 13-60321-CIV-ROSENBAUM/HUNT, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244–45 (11th Cir. 2011); *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006)). An employer falls within the FLSA's enterprise coverage where:

> (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or business done . . . not less than $500,000.

*Id*. (quoting 29 U.S.C. § 203(s)(1)(A)).

In the Complaint, Plaintiff alleges that Defendant satisfies the enterprise coverage element because Defendant has annual gross revenue that totaled $500,000 or more and was engaged in the production of goods for commerce within the meaning of the FLSA, since Defendant has two or more employees "handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as snacks, food items, automotive necessities, and personal hygiene items." (Doc. 1 ¶¶ 10–13). This type of boilerplate legal allegation, without more to substantiate it, is insufficient to satisfy the enterprise coverage element under the FLSA. *Harding-bey v. Pathways Therapy Servs., LLC*, No. 6:20-cv-1110-ACC-LRH, 2021 WL 1894603, at *4 (M.D. Fla. Apr. 20, 2021) (finding that a similar allegation failed to demonstrate FLSA enterprise coverage on a motion for default judgment), *report and recommendation adopted*, 2021 WL 1893968 (M.D. Fla. May 11, 2021); *see also De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) ("District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually.").

Additionally, Plaintiff does not allege adequate facts to establish individual coverage. For an employee to be engaged in commerce within the meaning of the FLSA, the Eleventh Circuit has held that the employee must directly participate in the actual movement of persons or things in interstate commerce by (1) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (2) by regularly using the instrumentalities of interstate

commerce in the work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. *Martinez v. Palace*, 414 F. App'x 243, 245 (11th Cir. 2011).

In the Complaint, Plaintiff alleges only that Plaintiff was engaged in commerce and that Plaintiff engaged in the production of goods for commerce within the meaning of the FLSA. (Doc. 1 ¶¶ 5–6.) But there is no allegation that Plaintiff either worked for an instrumentality of interstate commerce or regularly used the instrumentalities of interstate commerce in Plaintiff's work, as required by *Martinez*. Nor does Plaintiff show that Plaintiff produced goods that subsequently traveled through interstate commerce. *Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, Case No. 6:15-cv-709-Orl-40DCI, 2017 WL 10902999, at *2 (M.D. Fla. Jan. 5, 2017) (holding that a plaintiff must show that produced goods traveled through interstate commerce so to establish FLSA individual coverage). Thus, Plaintiff has not sufficiently established FLSA individual coverage within the meaning of the FLSA and the requirements established by the Eleventh Circuit. *Martinez*, 414 F. App'x at 245; *Pierre*, 2017 WL 10902999, at *2. Plaintiff, therefore, has not demonstrated entitlement to entry of default on Count I.

Because the FLSA claim is the only claim over which the Court has original jurisdiction and because Plaintiff has failed to set forth sufficient allegations to establish that claim, Plaintiff must amend the Complaint, if Plaintiff has a factual basis to do so. *See* 28 U.S.C. § 1367(c)(3) (stating the court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction have been dismissed).

## IV.   CONCLUSION

Upon consideration of the above, it is **ORDERED** that Plaintiff's Motion for Default Final Judgment Against Defendant Delhi Style Food, Inc. (Doc. 14) is **DENIED**. Plaintiff must amend the Complaint or move to dismiss the case **on or before January 3, 2025**. Failure to do so may result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE